## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY as subrogee of JKS ENTERPRISES, LLC & MORPHEUS TECHNOLOGIES, LLC | * | |
| 605 Highway North, Ste. 800 | * | |
| Plymouth, MN 55441 | * | Civ. Act. No. |
| Plaintiff, | * | |
| vs. | * | |
| CHAMPION TRANSPORTATION SERVS., INC. d/b/a CHAMPION LOGISTICS GROUP | * | |
| 200 Champion Way | * | |
| Northlake, IL 60164 | * | |
| and | * | |
| RSTZ TRANSPORT, INC., | * | |
| 24 Town Forest Road, Suite C | * | |
| Webster, MA 01570 | * | |
| Defendants. | * | |
| ---------------------------------------------------------- | * | |

## COMPLAINT

Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY, as subrogee of JKZ ENTERPRISES, LLC and MORPHEUS TECHNOLOGIES, LLC, by and through its attorneys, Thomas, Thomas & Hafler, LLP, as and for its complaint against defendants CHAMPION TRANSPORTATION SERVICES, INC. d/b/a CHAMPION LOGISTICS GROUP and RSTZ TRANSPORT, INC. allege upon information and belief, as follows:

## INTRODUCTION

1. This case arises from the failure of defendants to deliver in good actual order a 53' truckload of audio/visual equipment (the "Shipment") in interstate ground transportation.

## THE PARTIES

2.  At all times hereinafter mentioned, plaintiff ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC") was and now is a corporation or other business entity organized and existing by virtue of the laws of the State of New York, with an office and principal place of business at 605 Highway North, Suite 800, Plymouth, MN 55441.

3.  ASIC is the insurer of the Shipment at issue herein, and brings this action on its own behalf and as agent and trustee on behalf of and for the interests of all parties who may be or become interested in the Shipment, as their respective interests may ultimately appear, and ASIC is entitled to maintain this action.

4.  JKZ ENTERPRISES, LLC ("JKZ") was and now is a corporation or other business entity organized and existing by virtue of the laws of state of Nevada, with an office and principal place of business at 3920 W. Sunset Rd., Suite C, Las Vegas, NV 89118.

5.  MORPHEUS TECHNOLOGIES, LLC ("MORPHEUS") was and now is a corporation or other business entity organized and existing by virtue of the laws of state of Nevada, with an office and principal place of business at 3920 W. Sunset Rd., Suite D, Las Vegas, NV 89118.

6.  At all times hereinafter mentioned, defendant, CHAMPION TRANSPORTATION SERVICES, INC. d/b/a CHAMPION LOGISTICS GROUP (hereinafter "CHAMPION LOGISTICS") was and now is a corporation or other business entity organized and existing by virtue of the laws of the State of Illinois, with offices at 200 Champion Way, Northlake, IL 60164.

7. CHAMPION LOGISTICS was and still is doing business within the jurisdiction of this Honorable Court as a common carrier and/or bailee of merchandise that provides logistics, freight and shipping services to its customers.

8. At all times hereinafter mentioned, defendant, RSTZ TRANSPORT, INC. (hereinafter "RSTZ") was and now is a corporation or other business entity organized and existing by virtue of the laws of the State of Georgia, with offices at 24 Town Forest Road, Suite C, Webster, MA 01570.

9. RSTZ was and still is doing business within the jurisdiction of this Honorable Court as a common carrier and/or bailee of merchandise that provides logistics, freight and shipping services to its customers.

## **FACTS**

10. On or about October 7, 2021, JKZ delivered to CHAMPION LOGISTICS and RSTZ, for good and valuable consideration, the Shipment, in good order and condition and suitable in every respect for the intended transit for which CHAMPION LOGISTICS and RSTZ received, accepted and agreed to transport by truck, by its employees, agents or servants, from Washington, D.C. to Las Vegas, NV.

11. The Shipment contained property owned by JKZ, as well as property owned by MORPHEUS and leased to JKZ.

12. CHAMPION LOGISTICS and RSTZ did not deliver the Shipment in good order. Instead, the Shipment was damaged extensively while in CHAMPION LOGISTICS and RSTZ's possession.

13. The CHAMPION LOGISTICS/ RSTZ truck was involved in a collision with another vehicle on October 9, 2021 on Interstate 40 W, Mile 84.490 in Arkansas.   Following the collision, the truck struck a guardrail and rolled over onto its right side.

14. Dashcam footage from another vehicle shows that the CHAMPION LOGISTICS/ RSTZ truck was traveling 75 mph in a 70 mph zone on a narrow section of highway without hard shoulders just prior to the collision.

15. As a result of the damage to the Shipment, JKZ and MORPHEUS made insurance claims to ASIC, which ASIC adjusted and paid.   Therefore, ASIC is subrogated to JKZ and MORPHEUS' rights of recovery against CHAMPION LOGISTICS and RSTZ.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1337(a), which provides the district courts with jurisdiction over actions arising under the Carmack Amendment, 49 U.S.C. § 14706.

17. Venue is proper under 28 U.S.C. § 1391 and 49 U.S.C. § 13706(d) because a substantial part of the events giving rise to this action occurred within this district.

**FIRST COUNT: CARMACK AMENDMENT**

18. ASIC incorporates by reference the allegations contained in paragraphs 1 through 17 above, as if fully stated herein.

19. Pursuant to the Carmack Amendment, 49 U.S.C. § 14706(a)(1) and (a)(2), a carrier or freight forwarder "providing transportation or service… shall issue a receipt or bill of lading for property it receives for transportation…  That carrier and any other carrier that delivers the property and is providing transportation or service… are liable to the person entitled to recover under the receipt or bill of lading."

20. Defendants are carriers and/or freight forwarders providing transportation or service with respect to the Shipment governed by the receipt or bill of lading.

21. Since defendants failed to deliver the Shipment in the same good order and condition as when they received it, they are liable under the Carmack Amendment for the actual loss sustained.

22. By reason of the premises, ASIC has sustained damages or nearly as same now can be estimated, no part of which has been paid, although duly demanded, in the amount of at least $503,173.60.

## SECOND COUNT: BREACH OF CONTRACT OF CARRIAGE

23. ASIC incorporates by reference the allegations contained in paragraphs 1 through 22 above, as if fully stated herein.

24. This case is primarily brought under the Carmack Amendment. However, if the Court finds the Carmack Amendment (First Count) does not apply, then alternatively, defendants are liable for its breach of the contract of carriage.

25. Defendants breached, failed and violated the contract of carriage and its duties and obligations as a common carrier.

26. ASIC has duly performed all duties and obligations on its part to be performed.

27. By reason of the premises, ASIC has sustained damages or nearly as same now can be estimated, no part of which has been paid, although duly demanded, in the amount of at least $503,173.60.

## THIRD COUNT: BREACH OF BAILMENT OBLIGATIONS

28. Plaintiff ASIC incorporates by reference the allegations contained paragraphs 1 through 27 above, as if fully stated herein.

29. This case is primarily brought under the Carmack Amendment.  However, if the Court finds the Carmack Amendment (First Count) does not apply, and there is no liability for breach of contract (Second Count), then alternatively, defendants are liable for its breach of its bailment obligations.

30. Defendants were acting as bailee of the Shipment at the time it was damaged.

31. Defendants, by themselves or through their contractors, agents, servants or sub-bailees, had a legal duty to deliver the Shipment in good order and perform its services in a proper and workmanlike manner.

32. Defendants breached those bailment obligations by failing to deliver the Shipment in as good condition as when entrusted to them.

33. By reason of the premises, ASIC has sustained damages or nearly as same now can be estimated, no part of which has been paid, although duly demanded, in the amount of at least $503,173.60.

## FOURTH COUNT: NEGLIGENCE

34. ASIC incorporates by reference the allegations contained paragraphs 1 through 33 above, as if fully stated herein.

35. This case is primarily brought under the Carmack Amendment.  However, if the Court finds the Carmack Amendment (First Count) does not apply, and there is no liability for breach of contract (Second Count), and no liability for breach of bailment obligations (Third Count), then alternatively, defendants is liable for negligently causing damage to the Shipment.

36. Defendants had a duty to deliver the Shipment in as good order and condition as when entrusted to it.

37. Defendants breached this duty by negligently causing damage to the Shipment by their acts/ or omissions as described above.

38. By reason of the premises, ASIC sustained damages or nearly as same now can be estimated, no part of which has been paid, although duly demanded, in the amount at least $503,173.60.

**WHEREFORE**, plaintiff ATLANTIC SPECIALTY INSURANCE COMPANY, respectfully requests the following:

   a. That a judgment be entered in favor of ATLANTIC SPECIALTY INSURANCE COMPANY against CHAMPION TRANSPORTATION SERVICES, INC. and RSTZ TRANSPORT, INC., jointly and severally, in the amount of at least $503,173.60, with interest, attorney fees and the costs and disbursements of this action; and

   b. For such other, additional, and further relief the Court deems just and equitable.

Respectfully submitted,

By: _____/s/_____
   Charles B. Peoples, Esquire (Bar #1011169)
   Thomas, Thomas & Hafer, LLP
   1025 Connecticut Ave., NW, Ste. 608
   Washington, DC 20036
   202-945-9501
   cpeoples@tthlaw.com
   *Attorney for Plaintiff*